The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (1995), 101 Ohio App.3d 238.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APA01–21.

Decided March 28, 1995.

*Michael Miller,* Franklin County Prosecuting Attorney, for appellee.

*Derrick Robinson, pro se.*

---

TYACK, Judge.

Derrick L. Robinson has filed a motion seeking leave to pursue a delayed appeal pursuant to App.R. 5. In July 1994, Robinson entered pleas of "guilty" to two charges of aggravated robbery, with a firearm specification as to the final charge. As a result, Robinson was sentenced to a three-year term of actual incarceration for the firearm specification, followed by consecutive terms of seven to twenty-five and eight to twenty-five years on the aggravated robbery charges. Thirteen other felony charges were dismissed via *nolle prosequi.*

Robinson now asserts that his entry of guilty pleas did not occur in accord with Crim.R. 11. He also asserts that his earlier counsel provided ineffective assistance.

Recent modification of App.R. 5 allows for a delayed appeal regardless of demonstration of conceivable merit. Robinson has asserted as the basis for delay a lack of legal counsel following his plea and a lack of knowledge that appeals could be possible under certain circumstances. The assertions are part of a memorandum contra.

App.R. 5(A) reads, in pertinent part:

"After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to

appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motion upon the prosecuting attorney."

■ Although App.R. 5 was modified for the purpose of furthering "judicial economy," this case presents an example of why the result of the modification may be the exact opposite. Virtually every person who enters a guilty plea no longer has counsel following the plea and is unaware, in part, because he or she may have been told so during the plea proceedings, that he or she has limited or no rights of appeal. In short, virtually everyone who entered a guilty plea now has a right to appeal in light of the changes to App.R. 5.

■ Perhaps the Supreme Court of Ohio will wish to revisit App.R. 5 insofar as it addresses guilty pleas. In the meantime, we can only follow its mandate and grant the right to appeal to those who file a motion seeking leave for a delayed appeal and allege reasons such as those set forth by Robinson.

The motion for leave to pursue a delayed appeal is sustained. The motion for the appointment of appellate counsel is also sustained. Counsel other than the attorney who represented Robinson at the time of his guilty pleas shall be appointed.

*Motions granted.*

CLOSE and LAZARUS, JJ., concur.